F I L E D
United States Court of Appeals
Tenth Circuit

MAR 28 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PERRY A. McMINN, JR.,

    Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant-Appellee.

No. 99-5207
(N. District of Oklahoma)
(D.C. No. 99-CV-338-H)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The case is before the court on Perry McMinn's *pro se* request for a certificate of appealability ("COA"). McMinn seeks a COA so that he can appeal

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's denial of his 28 U.S.C. § 2255 petition. *See* 28 U.S.C. § 2253(c)(1)(B) (providing that a COA is an essential predicate to an appeal from "the final order in a proceeding under section 2255"). For those reasons set forth below, this court **denies** McMinn's request for a COA and **dismisses** this appeal.

McMinn was convicted following a 1997 jury trial in federal court on one count of assault with a deadly weapon in Indian Country, one count of assault resulting in serious bodily injury, and one count of using and carrying a firearm during and in relation to a crime of violence. On direct appeal, McMinn raised the following two claims of error: (1) the district court erred when it refused to instruct the jury that assault by striking, beating, or wounding is a lesser included offense of assault with a deadly weapon; and (2) the district court erred in denying his motion for judgment of acquittal based on insufficiency of the evidence to prove that the victim suffered serious bodily injury. This court rejected McMinn's allegations of error and affirmed his convictions. *See United States v. McMinn*, No. 97-5190, slip. op. at 7 (10th Cir. July 22, 1998).

McMinn next filed the instant § 2255 petition. In the petition, McMinn asserted that his counsel had been ineffective in the following three respects: (1) depriving him of the right to testify on his own behalf; (2) failing to call Dr. Grisby, the victim's treating physician, as a witness for the defense; and (3) failing to investigate and/or raise a jurisdictional defense. In response to

McMinn's petition, the United States produced the affidavit of McMinn's trial counsel. In the affidavit, counsel indicated as follows: (1) he repeatedly discussed the potential benefits of testifying with McMinn, indicated that he thought McMinn's testimony would not be helpful, stressed the ultimate decision belonged to McMinn, and that it was McMinn who ultimately decided not to testify; (2) his decision not to call Dr. Grisby was strategic, in that he did not believe the testimony would be beneficial to the defense; and (3) he was well versed in the issues surrounding federal jurisdiction of crimes committed in Indian Country but did not believe there was a factual or legal basis for raising a jurisdictional claim in this case. McMinn responded with a traverse to which he attached his own affidavit. In his affidavit, McMinn asserted that counsel refused to let him testify at trial, despite his expressed desire to do so.

After reviewing the parties' submissions, the district court entered an order denying McMinn's § 2255 petition. The district court began by noting that in order to establish that his counsel was ineffective, McMinn must demonstrate both that counsel's performance was deficient and that he was prejudiced by the deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Applying *Strickland* to McMinn's first claim, the district court chose to credit counsel's affidavit, concluding that counsel's performance was not deficient because McMinn knowingly and specifically waived his right to testify at trial.

The district court further concluded McMinn was not prejudiced by his failure to testify. Measuring McMinn's proffered testimony against the particularly strong case presented by the prosecution, the district court concluded that there was no reasonable probability that the result of the proceeding would have been different.[1] As to McMinn's claim relating to counsel's failure to call Dr. Grisby at trail, the district court concluded: (1) the decision was strategic and, therefore, not deficient[2]; and (2) McMinn's utter failure to demonstrate that Dr. Grisby's testimony would be helpful, coupled with the strong photographic evidence of the very serious nature of the victim's injuries, precluded a finding of prejudice. Finally, the district court rejected McMinn's final claim of ineffective assistance, finding that counsel was well versed as to jurisdictional questions relating to crimes in Indian Country and had made a reasoned decision, after analyzing the facts and law, not to raise a jurisdictional challenge in this case. Furthermore, the

---

[1] In his request for a COA, McMinn asserts that the district court erred by resolving the competing factual recitations set out in the two affidavits without holding an evidentiary hearing. Those factual disputes, however, go only to *Strickland*'s performance prong; they do not cast any doubt at all on the district court's resolution of *Strickland*'s prejudice prong. Accordingly, the district court did not err in declining to hold an evidentiary hearing. *See Johnson v. Gibson*, 169 F.3d 1239, 1253 (10th Cir. 1999) (noting that district court's denial of an evidentiary hearing is reviewed for abuse of discretion and holding that no such hearing is necessary when the petition can be resolved on the basis of the record and the law).

[2] *See Strickland*, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

district court concluded that McMinn's jurisdictional assertions amounted to little more than supposition,[3] clearly insufficient to meet his burden under *Strickland*'s prejudice prong.[4]

McMinn is entitled to a COA only upon making a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make such a showing by demonstrating that the issues he seeks to raise on appeal are deserving of further proceedings, subject to a different resolution on appeal, or reasonably debatable among jurists of reason. *See Barefoot v. Estelle*, 463 U.S. 880, 893 n.3 (1983). After a thorough review of McMinn's appellate brief and request for a COA, the district court's order, and the entire record on appeal, this court concludes that McMinn has failed to make a substantial showing of the denial of a constitutional right for substantially those reasons set out in the district court's order dated September 9, 1999. In particular, we agree that McMinn has utterly failed to carry his burden of demonstrating that he was prejudiced by any of the

---

[3]In his traverse, for instance, McMinn asserted that it was "possible" that the alienation restrictions on the allotment where the crime occurred had been lifted or expired. He further asserted that question could only be determined through further investigation.

[4]McMinn has attached to his appellate brief certain materials relating to the jurisdictional question that were not presented to the district court and are not part of the record on appeal. This court will not consider those documents in deciding whether to grant McMinn's request for a COA. *See John Hancock Mut. Life Ins. Co. v. Weisman*, 27 F.3d 500, 506 (10th Cir. 1994).

complained-of actions of trial counsel.  McMinn's request for a COA is hereby **DENIED** and this appeal is **DISMISSED**.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge